CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 0 6 2009

JOHN F. CORCORAN, CLERK
BY: /s/ 
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| MELANIE TWEEDY, *Plaintiff,* | CIVIL NO. 6:08CV00018 |
| v. | **MEMORANDUM OPINION** |
| RCAM TITLE LOANS, LLC, *d/b/a Rollen Charlie's Auto Mart,* *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Melanie Tweedy's Third Motion for Default Judgment (docket no. 19). Tweedy asks the Court to enter default judgment against Defendant RCAM Title Loans, LLC ("RCAM") on claims brought pursuant to the Truth in Lending Act ("TILA"), the Fair Credit Billing Act ("FCBA"), and the Virginia Consumer Finance Act ("VCFA"). For the reasons stated below, Tweedy's motion for default judgment will be GRANTED in a separate Order to follow. Judgment will be entered in Tweedy's favor in the amount of $1,693.50.

## I. BACKGROUND[1]

On October 15, 2007, Tweedy entered into a motor vehicle line of credit with RCAM to borrow three hundred dollars. As part of the transaction, Tweedy gave RCAM a security interest in her 1993 Ford Taurus. While the annual interest rate on the loan was stated as 300%, the actual interest charged in Tweedy's monthly statements sometimes approached nearly 700%. Although Tweedy made payments totaling $693.50 between October 2007 and June 2008, only

---

[1] On a motion for default, the plaintiff's factual allegations are accepted as true, excluding the determination of damages. *See Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir.2001) (citations omitted).

$12.25 of that amount was applied to the principal of the loan; the remaining $681.25 in payments was applied to finance charges.

On June 19, 2008, Tweedy filed suit against RCAM. Specifically, Tweedy claims that RCAM: (1) failed to provide required disclosures in monthly billing statements in violation of TILA; (2) failed to mail monthly billing statements within fourteen days of the payment due date in violation of the FCBA (which is a section of TILA); and (3) charged an excessive and usurious interest rate in violation of the VCFA. Tweedy seeks $1,000 in statutory damages for the TILA violations asserted in Count I, $8,000 in statutory damages for eight separate violations of the FCBA asserted in Count II, and the return of $693.50 pursuant to the VCFA.

Tweedy properly served Andrew Pribble, Registered Agent for RCAM, with a copy of the summons and complaint on February 12, 2009 (docket no. 14). The summons warned RCAM that if it did not answer to the complaint's allegations within twenty (20) days, judgment by default would be taken against RCAM for the relief demanded in the Complaint. The Clerk of Court properly entered RCAM's default pursuant to Federal Rules of Civil Procedure 12(a)(1)(A)(i) and 55(a) on April 14, 2009 (docket no. 17).[2] Since the entry of default, RCAM has continued to fail to participate in this litigation in any way. On May 5, 2009, Tweedy moved the Court to enter default judgment against RCAM (docket no. 19).

## II. Discussion

### A. Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules."

---

[2] Mr. Pribble sent Tweedy's attorney a response letter stating that he would release the lien on Tweedy's vehicle and return the spare set of keys. Because a corporate entity cannot appear pro se as an artificial entity in any federal court litigation, see *Acme Poultry Corp. v. United States*, 146 F.2d 738, 740 (4th Cir. 1944), the clerk did not

*United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). The clerk of court's interlocutory "entry of default" pursuant to Federal Rule of Civil Procedure 55(a) provides notice to the defaulting party prior to the entry of default judgment by the court. *Carbon Fuel Co. v. USX Corp.*, 1998 U.S. App. LEXIS 18191 (4th Cir. Aug. 6, 1998). After the entry of default, the non-defaulting party may move the court for "default judgment" under Federal Rule of Civil Procedure 55(b). *Id.* Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In circumstances where the sum is not certain or where there is evidence to suggest that the defendant was incompetent or an infant, Rule 55(b)(2) applies, requiring that default can only be made by a court." *Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006).

Upon default, the plaintiff's factual allegations are accepted as true for all purposes, excluding the determination of damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.2001) (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Although the clear policy of the Federal Rules of Civil Procedure is to encourage dispositions of claims on their merits, the entry of default judgment is committed to the discretion of the trial court. *See Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). In reviewing motions for default judgment, courts have referred to the following factors:

---

acknowledge the response as an answer and properly entered RCAM's default pursuant to Rules 12(a)(1)(A)(i) and

3

> (1) whether there is a large amount of money involved in the litigation; (2) whether there are material issues of fact in the case needing resolution; (3) whether the case involves issues of great public importance; (4) whether the grounds for the motion for a default judgment are highly technical; (5) whether the party asking for a default judgment has been prejudiced by the non-moving party's actions or omissions; (6) whether the actions or omissions giving rise to the motion for a default judgment are the result of a good-faith mistake on the part of the non-moving party; (7) whether the actions or omissions giving rise to the motion for a default judgment are the result of excusable neglect on the part of the non-moving party; and (8) whether the grounds offered for the entry of a default judgment are clearly established.

*Faulknier v. Heritage Financial Corp.*, 1991 U.S. Dist. LEXIS 15748 (W.D. Va. May 20, 1991) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §§ 2684-85 (1990)).

As explained above, RCAM has completely failed to participate in this litigation in any meaningful way. The grounds offered by Tweedy for the entry of default judgment are clearly established, and RCAM's failure to defend this action does not appear to be the result of excusable neglect or any good-faith mistake on its part.[3] The grounds for this motion are not highly technical, and this case does not involve issues of great public importance. Furthermore, Tweedy has been significantly prejudiced by RCAM's alleged actions. She Tweedy forfeited nearly $700.00 on a loan for $300.00 and has expended significant time and energy working with her attorney to right the alleged wrongs committed by RCAM. Given all of these factors and RCAM's blatant disregard of Tweedy's claims and this Court's commands, default judgment in Tweedy's favor is warranted, and will be granted in a separate Order to follow.

---

55(a).

[3] In his letter, Mr. Pribble indicated that RCAM was "broke and in the process of filing Chapter 7 bankruptcy." However, as of the date of this opinion, RCAM had not filed for bankruptcy protection in the Western District of

4

## B. Damages

While Tweedy's factual averments must be taken as true, her assessment of the damages need not be. *See Ryan,* 253 F.3d at 780; Fed. R. Civ. P. 8(b)(6). As stated above, Tweedy seeks $9,693.50 in total damages, including $1,000 for RCAM's failure to make required disclosures in violation of 15 U.S.C. § 1637, as well as $8,000 for RCAM's failure to provide adequate notice of payment due dates on eight different occasions, all in violation of 15 U.S.C. § 1666b(a).

A creditor's failure to disclose any of the information required to be disclosed in connection with a single account, however, entitles the borrower to a *single* recovery only. 15 U.S.C. § 1640(g). Contrary to Tweedy's assertion, this single recovery limitation also applies to multiple failures to provide adequate notice of payment due dates in violation of 15 U.S.C. § 1666b(a). *See id.* (explaining that the single recovery limitation applies to multiple failures to disclose in connection with a single account in violation of chapter 4 or 5 of Title 15). Additional recoveries may be granted only if the creditor continues to fail to disclose such information after an initial recovery is granted. *Id.* Because the alleged violations of TILA and the FCBA occurred in connection with a single account and Tweedy has never been granted a recovery under TILA, she should be limited to a single recovery for the violations set forth in Counts I and II of the complaint. Although at least one district court has left open the possibility of multiple recoveries in certain circumstances, *see Belmont v. Assocs. Nat'l Bank (Del.),* 219 F. Supp. 2d 340, 344 (D. Del. 2002), those circumstances do not apply in Tweedy's case, and the weight of authority is clear that Tweedy is entitled to a single recovery for RCAM's several TILA violations, which were all in connection with the same account. *See, e.g., Murray v. Amoco Oil Co.,* 539 F.2d

---

Virginia.

5

1385, 1387 n.4 (5th Cir. 1976) (plaintiff limited to one recovery under § 1640(g) for defendant's failure to send three monthly credit card statements and for improperly imposing finance charges several times); *Tinsman v. Moline Beneficial Fin. Co.*, 531 F.2d 815, 819 n.9 (7th Cir. 1976) (acknowledging that the legislative history of TILA "indicates that only a single recovery was intended under that Act."); *Brown v. Termplan, Inc.*, 459 F. Supp. 160, 161 (N.D. Ga. 1978) (debtor entitled to single recovery even if creditor were found liable for multiple failures to disclose); *Cadmus v. Commercial Credit Plan*, 437 F. Supp. 1018, 1019 (D. Del. 1977) (holding that regardless of how many TILA violations are found, there can only be one recovery); *Sneed v. Beneficial Finance Co.*, 410 F. Supp. 1135, 1138 (D. Hawaii 1976) ("Since any violation of [TILA] is sufficient to activate the civil remedies of § 1640, it is clear that no matter how many violations are found in one loan transaction, only one recovery can be had."); *see also Kittrell v. RRR, LLC*, 280 F. Supp. 2d 517, 522 (E.D. Va. 2003). Tweedy is therefore entitled to one recovery for the multiple violations asserted in Counts I and II of the complaint.

A creditor who fails to comply with TILA's requirements is liable to the individual borrower for "twice the amount of any finance charge in connection with the transaction." 15 U.S.C. § 1640(a)(2)(A)(i). Liability in such a case is statutorily capped at $1,000. *Id.* Because double the amount of Tweedy's finance charge of $681.25 would exceed the statutory maximum of $1,000 and because Tweedy is entitled to one single recovery for the aforementioned TILA violations, she shall be awarded $1,000 on Counts I and II.

Tweedy also seeks the return of $693.50 – the amount she paid to RCAM on the $300.00 loan – under the VCFA. Except where otherwise permitted by law, the VCFA prohibits lenders from lending principal amounts to individuals for personal, family, household, or other non-business purposes at a rate of greater than twelve percent per year without first obtaining a

6

special license. *See* Va. Code Ann. §§ 6.1-249, -330.55 (2009). Any loan that violates those requirements is void and "any amount paid on account of principal or interest on any such loan shall be recoverable by the person by or for whom payment was made." *Id.* § 6.1-308(B). Since Tweedy alleges that RCAM charged an interest rate well over twelve percent without the proper licensing, she is entitled to recovery under the VCFA and shall be awarded $693.50 on Count III.

### III. CONCLUSION

Although Tweedy is entitled to default judgment for RCAM's complete lack of participation in this case, she is allowed only one recovery for the multiple violations of TILA, which all arose in connection with a single account. She is also entitled to the return of $693.50 pursuant to the VCFA. Accordingly, Tweedy's Motion for Default Judgment will be granted and RCAM will be ordered to pay Tweedy $1,693.50 in damages.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Mr. Pribble.

Entered this 6th day of May, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE